UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

LUIS LOZADA,

                     Petitioner,

   -against-


WARDEN, DOWNSTATE CORRECTIONAL FACILITY,

                   Respondent.

------------------------------------X

A P P E A R A N C E S:

10 Civ. 8425

OPINION

       Pro Se

       Luis Lozada
       George Motchan Detention Center
       15-15 Hazen Street
       East Elmhurst, NY  11370


       Attorney for Respondent

       OFFICE OF NEW YORK STATE ATTORNEY GENERAL
       120 Broadway, 24th Floor
       New York, NY  10271
       By:  Donald Nowve, Esq.

**Sweet, D.J.**

Luis Lozada (the "Petitioner" or "Lozada") has moved for an extension of time to file a notice of appeal.  Upon the facts and conclusions set forth below, the Petitioner's motion is granted.

## Prior Proceedings

On November 8, 2010, Lozada filed a complaint against the Warden of the Downstate Correctional Facility (the "Respondent" or the "Warden") alleging that his constitutional rights were violated because he remained in custody for approximately seven days beyond the expiration of the maximum expiration date of his criminal sentence.  On April 6, 2011, the Warden filed a motion to dismiss Lozada's complaint, and a scheduling order dated April 13, 2011 established deadlines for opposition and reply papers.  On July 11, 2011, the Respondent's motion to dismiss was granted after Lozada failed to file any opposition.

On August 9, 2011, Lozada filed a Motion for Extension of Time to File a Notice of Appeal.  In his motion, Lozada explained that he was unable to file a timely appeal because he

1

does not speak English and did not have access to a translator. Furthermore, he was unable to obtain daily access to the law library. Because the Petitioner did not serve his motion on the Respondent, his motion was returned on September 14, 2011. On October 13, 2011, the Petitioner filed the same August 9, 2011 Motion for Extension of Time to File a Notice of Appeal, an Affirmation of Service demonstrating that the Respondent was served on October 4, 2011.

## The Applicable Standard

Under Fed. R. App. P. 4(a)(1), a notice of appeal in a civil case to which the United States is not a party[1] must be filed within 30 days of entry of the judgment from which appeal is taken. This requirement is "mandatory and jurisdictional."

---

[1]     Fed. R. App. P. 4(a) provides that, in a civil case, the notice of appeal must be filed with the district clerk within 30 days after the entry of judgment or order appealed from, unless one of the parties is the United States, a United States agency, a United States officer or employee sued in an official capacity, or a current or former United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf, including all instances in which the United States represents that person when the judgment or order is entered or files the appeal for that person. In this case, Lozada is suing the superintendent of the New York State Department of Correctional Services facility where he was incarcerated.

Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61, 103
S.Ct. 400, 74 L.Ed.2d 225 (1982); Browder v. Director, Illinois
Dep't of Corr., 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521
(1978).

      The district court has the power, upon a showing of
excusable neglect or good cause, to extend the time for filing a
notice of appeal if the motion for such an extension is filed
not later than 30 days after the expiration of the time provided
by Rule 4(a)(1).  See Fed. R. App. P. 4(a)(5).  Excusable
neglect may include "inadvertence, mistake, or carelessness, as
well as . . . intervening circumstances beyond the party's
control."  United States v. Hooper, 9 F.3d 257, 259 (2d Cir.
1993) (quoting Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd.
P'ship, 507 U.S. 380, 388, 113 S.Ct. 1489, 123 L.Ed.2d 74
(1993)).  The determination of whether the neglect was excusable
"is at bottom an equitable one" that should be made by
considering "the danger of prejudice to the [non-movant], the
length of the delay and its potential impact upon judicial
proceedings, the reason for the delay, including whether it was
in the reasonable control of the movant, and whether the movant
acted in good faith."  Pioneer, 507 U.S. at 395.  The district
court lacks jurisdiction under Rule 4(a)(5) to grant a motion
that is filed beyond the 30-day extension period.  See, e.g.,

Melton v. Frank, 891 F.2d 1054, 1056 (2d Cir. 1989) ("If . . .
the motion to extend is not filed within subdivision (a)(5)'s
grace period, the district court is without power to grant an
extension.").

**The Petitioner's Motion For Extension Of Time To File A Notice
Of Appeal Is Granted**

Lozada, in explaining the excusable neglect or good
cause which caused him to fail to file a notice of appeal within
the required number of days, states: "I didn't have anybody to
really help due to the fact that I don't speak or read Inglish
[sic] to fully understand how to file this paper work and lack
of law library services each day here."  Lozada's motion also
states: "I did not oppose [sic] because I cannot read or write
English and do not understand the materials sent to me.  In
order for me to comprehend I must wait for the law library to be
open so that someone can translate what is being said.  For
those reasons I was late in answering the courts and a judgment
was entered of no oposition [sic]."  The Petitioner's motion is
dated August 9, 2011, and Lozada signed an attestation stating
that the motion was mailed to the Court on August 9, 2011.  When
Lozada's motion was returned for failure to serve the
Respondent, Lozada re-filed the same August 9, 2011 papers,

4

including an Affirmation of Service on the New York Attorney General's Office dated October 4, 2011.

Prior to the Supreme Court's decision in <u>Pioneer Investment Services Co. v. Burnswick Associates Limited Partnership</u>, 507 U.S. 380, the Second Circuit adhered to the rule that "[t]he excusable neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules." <u>In re Cosmopolitan Aviation Corp.</u>, 763 F.2d 507, 515 (2d Cir. 1985) (rejecting a claim of excusable neglect under Fed. R. App. P. 4(a)(5)). However, in <u>Pioneer</u>, the Supreme Court "established a more liberal standard for determining whether there had been 'excusable neglect.'" <u>Hooper</u>, 43 F.3d at 28. Although <u>Pioneer</u> interpreted "excusable neglect" in the context of Bankruptcy Rule 9006(b)(1), the Court analyzed that term as it is used in a variety of federal rules, including Rule 60(b)(1). See <u>Pioneer</u>, 507 U.S. at 393-94. The Second Circuit has held that <u>Pioneer</u>'s more liberal definition of excusable neglect is applicable "beyond the bankruptcy context where it arose." <u>Weinstock v. Cleary, Gottlieb, Steen & Hamilton</u>, 16 F.3d 501, 503 (2d Cir. 1994) (applying <u>Pioneer</u>'s "excusable neglect" analysis to Fed. R. App. P. 4(a)(5)).

Lozada's motion establishes his dependency on the
personnel at the law library and states that his access to the
law library was limited.  In describing these conditions, the
Petitioner has demonstrated intervening circumstances beyond his
control rendered him unable to file his notice of appeal on
time.  Additionally, in balancing the factors the Supreme Court
enumerated in <u>Pioneer</u>, including the danger of prejudice to the
Warden, the length of the delay and its potential impact upon
judicial proceedings, the reason for the delay and whether
Lozada acted in good faith, granting Lozada's motion for an
extension of time is appropriate.  Lozada filed his initial
motion on August 9, 2011, well within the 30 day window
following the July 11, 2011 judgment provided under Fed. R. App.
P. 4(a)(5).  When Lozada's motion was returned for failure to
serve the Respondent, Lozada filed the same exact motion,
including the Affirmation of Service.  The reasons the
Petitioner has expressed for his failure to file a timely appeal
are beyond his control, and the length of the delay will have
minimal impact upon judicial proceedings.

Because the Petitioner has demonstrated excusable
neglect, he will be provided an additional ten days from the
date of entry of this order to file his appeal.  See <u>Melton</u>, 891
F.2d at 1056 ("The district court, upon a showing of excusable

neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a). . . . No such extension shall exceed 30 days past such prescribed time or 10 days from the date of entry of the order granting the motion, whichever occurs later.").

**Conclusion**

Based on the conclusions set forth above, the Petitioner's Motion for Extension of Time to File a Notice of Appeal is granted.  The Petitioner shall have an additional ten days from the date of entry of this order to file his appeal.

It is so ordered.

**New York, NY**
**December 29 , 2011**

_____
ROBERT W. SWEET
U.S.D.J.

7