UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

LUIS LOZADA,

                Plaintiff,

    - against -

WARDEN DOWNSTATE CORRECTIONAL FACILITY,

                Defendant.

------------------------------------------X

10 Civ. 8425 (RWS)

OPINION

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-26-12

A P P E A R A N C E S:

    <u>Plaintiff Pro Se</u>

    LUIS LOZADA
    11-A-5830
    Downstate Correctional Facility
    Box F
    Red Schoolhouse Road
    Fishkill, NY  12524-0445


    <u>Attorney for Defendant</u>

    OFFICE OF THE NEW YORK STATE ATTORNEY GENERAL
    120 Broadway, 24th Floor
    New York, NY  10271
    By:  Donald Nowve, Esq.

**Sweet, D.J.**

On June 15, 2012, the United States Court of Appeals for the Second Circuit issued an order vacating this Court's judgment dated July 18, 2011 dismissing the complaint (the "Complaint") filed by Plaintiff Luis Lozada ("Lozada" or the "Plaintiff") against the Warden of the Downstate Correctional Facility, Superintendent Ada Perez ("Perez" or the "Defendant"). The Second Circuit ordered that, upon remand, this Court consider whether the Complaint alleged violations of Plaintiff's constitutional rights, including his right to procedural or substantive due process, and whether Plaintiff should be afforded an opportunity to amend the Complaint to identify the legal basis for his claims, articulate factual allegations to develop such claims or add any additional defendants. Based on the conclusions set forth below, the Complaint is dismissed for failure to state a claim upon which relief can be granted. Plaintiff is granted twenty days to replead.

**Prior Proceedings**

On November 8, 2010, Plaintiff filed the Complaint

1

in the Southern District of New York and was granted in forma pauperis status. The Complaint alleges that on May 25, 2010, Plaintiff's term of incarceration expired but that he was not released from prison until June 1, 2010. The Complaint further alleges that Plaintiff sent a letter to the in house parole officer, but that this letter was returned with the explanation that the decision of when to release Plaintiff was under the purview of the Department of Corrections.

On April 6, 2011, Defendant moved to dismiss the Complaint. On April 13, 2011, the Court issued a scheduling order stating that Defendant's motion would be heard on submission on May 18, 2011. On July 14, 2011, after no opposition to Defendant's motion had been received, the Court granted the motion to dismiss. On October 13, 2011, Plaintiff requested additional time file a Notice of Appeal, and, in an opinion dated December 29, 2011, this Court granted Plaintiff's request for an extension of time. Plaintiff ultimately filed his appeal, and the certified indexed record was sent to the Second Circuit.

On June 15, 2012, the Second Circuit issued an order vacating this Court's judgment granting Defendant's motion to

dismiss and remanding the case back to this Court for further proceedings. See Lozada v. Warden Down State Correctional Facility, No. 12-167-cv (2d Cir. June 15, 2012) (citing McCall v. Pataki, 232 F.3d 321, 323 (2d Cir. 2000) ("[i]f a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal"); Goldberg v. Danaher, 599 F.3d 181, 184 (2d Cir. 2010) (noting the Second Circuit's preference for the District Court to make a determination in the first instance)). The Second Circuit instructed that, upon remand, this Court is to consider whether the Complaint alleged violations of Plaintiff's constitutional rights, including his right to procedural or substantive due process, and whether Plaintiff should be afforded an opportunity to amend the Complaint.

**The Applicable Standard**

On a motion to dismiss pursuant to Rule 12, all factual allegations in the complaint are accepted as true, and all inferences are drawn in favor of the pleader. Mills v. Polar Molecular Corp., 12 F.3d 1170, 1174 (2d Cir. 1993). The issue "is not whether a plaintiff will ultimately prevail but

whether the claimant is entitled to offer evidence to support the claims." Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995).

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atl Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Plaintiffs must allege sufficient facts to "nudge[ ] their claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570. Though the court must accept the factual allegations of a complaint as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

**The Complaint Fails To State A Claim Upon Which Relief Can Be Granted, And Defendant's Motion To Dismiss Is Granted**

The Complaint in this action alleges that Plaintiff's maximum term of imprisonment expired on May 25,

4

2010, but that Plaintiff was not released until June 1, 2010. As such, Plaintiff raises two potential claims alleging violation of Plaintiff's constitutional rights: one implicating the Eighth Amendment's prohibition against cruel and unusual punishment, and one implicating the Due Process Clause.

The incarceration of a sentenced inmate beyond the expiration of his or her sentence has been held to violate the Eighth Amendment's prohibition against cruel and unusual punishment. See, e.g., Sample v. Diecks, 885 F.2d 1099, 1108-09 (3d Cir. 1989). To prevail on an Eighth Amendment claim, an inmate must show that his injury is objectively a "sufficiently serious" one. Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998); accord Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Additionally, an inmate must demonstrate that the defendant caused the injury by acting with deliberate indifference toward the inmate. Estelle, 429 U.S. at 104-05; Chance, 143 F.3d at 702. Here, the additional seven days of incarceration is insufficient to bring an Eighth Amendment claim. See Brims v. Burdi, No. 03 Civ. 3159(WHP), 2004 WL 1403281, at *2 (S.D.N.Y. June 23, 2004) (holding six days of imprisonment not a harm

5

sufficient to implicate the Eighth Amendment); Herron v. Lew Sterrett Justice Center, No. 07 Civ. 357, 2007 WL 2241688, at *3 (N.D. Tex. Aug. 6, 2007) ("Unauthorized confinement for thirty-one days does not raise a harm of a constitutional magnitude."). Additionally, the Complaint fails to assert any allegations of Defendant's deliberate indifference. Accordingly, the Complaint fails to state a valid cause of action alleging violation of Plaintiff's Eighth Amendment rights.

Under the Due Process Clause, an inmate has a liberty interest in being released upon the expiration of his maximum term of imprisonment. Calhoun v. N.Y. State Div. of Parole Officers, 999 F.2d 647, 653 (2d Cir. 1993) (citing Green v. McCall, 822 F.2d 284, 287-90 (2d Cir. 1987)). Here, the Complaint alleges that Plaintiff was not released upon the expiration of his maximum term of imprisonment. The fact that Plaintiff was held for only seven days does not preclude a due process claim. See McDay v. Travis, 303 Fed. Appx. 928, 929-30 (2d Cir. 2008) (vacating district court's grant of defendants' summary judgment motion, as plaintiff who was detained two days beyond his maximum release date may have a

valid due process claim under 42 U.S.C. § 1983) (citing Calhoun, 999 F.2d at 653).

However, "[i]t is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006) (citing Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994)); see also Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010). A prison official cannot be personally liable under § 1983 on the basis of respondeat superior or simply because he is atop the prison hierarchy. See Colon v. Coughlin, 58 F.3d 865, 873-74 (2d Cir. 1995); see also Bellamy v. Mt. Vernon Hosp., No. 07 Civ. 1801(SAS), 2009 WL 1835939, at *4 (S.D.N.Y. June 26, 2009) ("[b]ecause vicarious liability is inapplicable to . . . [section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.") (quoting Ashcroft v. Iqbal, 556 U.S. 662, 676, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). Because the Complaint fails to allege Perez' direct involvement, Plaintiff has failed to plead a valid cause of action. Accordingly, the Complaint must be dismissed.

When a motion to dismiss is granted, "[i]t is the usual practice . . . to allow leave to replead." Schindler v. French, 232 Fed. Appx. 17, 19 (2d Cir. 2007) (quoting Cortec Indus., Inc. v. Sum Holding P.P., 949 F.2d 42, 48 (2d Cir. 1991)). Accordingly, Plaintiff will be granted leave to replead within twenty days.

## Conclusion

For the reasons set forth above, Defendant's motion to dismiss is granted. Leave to replead within twenty days is granted.

It is so ordered.

New York, NY
June 2 2, 2012

ROBERT W. SWEET
U.S.D.J.