UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x

LUIS LOZADA,

                      Plaintiff,

    - against -

WARDEN DOWNSTATE CORRECTIONAL FACILITY,

                      Defendant.

------------------------------------------x

10 Civ. 8425 (RWS)

OPINION

A P P E A R A N C E S:

    <u>Plaintiff Pro Se</u>

    LUIS LOZADA
    11-A-5830
    Downstate Correctional Facility
    Box F
    Red Schoolhouse Road
    Fishkill, NY  12524-0445

    <u>Attorney for Defendant</u>

    OFFICE OF THE NEW YORK STATE ATTORNEY GENERAL
    120 Broadway, 24th Floor
    New York, NY  10271
    By:  Donald Nowve, Esq.

**Sweet, D.J.**

On June 26, 2012, an opinion was issued granting the motion of defendant Warden, Downstate Correctional Facility ("Defendant" or "Warden") to dismiss the complaint of plaintiff Luis Lozada ("Plaintiff" or "Lozada") for failure to state a claim upon which relief can be granted. See Lozada v. Warden, Downstate Correctional Facility, No. 10 Civ. 8425 (RWS), 2012 WL 2402069 (June 26, 2012) ("Lozada II"). Lozada II granted Plaintiff 20 days to replead, and after Plaintiff requested an extension, he was granted an additional 45 days to replead pursuant to an order dated July 25, 2012.

On August 22, 2012, Plaintiff filed a document that he labeled "Motion to Replead & Evidence," which has been liberally construed to be an amended complaint ("Amended Complaint"). See Pagan v. New York, No. 12 Civ. 0732 (RWS), 2012 WL 5465026, at *6 (S.D.N.Y. Jan. 3, 2012) (citing Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996) ("As the Petitioner is pro se, his submissions will therefore be liberally construed and read to raise the strongest argument they suggest."). Defendant filed the instant motion to dismiss the amended complaint on September 28, 2012, and the motion was marked fully submitted on October 31, 2012.

1

The submissions of pro se litigants are held to "less stringent standards than formal pleadings drafted by lawyers," Hughes v. Rowe, 449 U.S. 5, 9, 101 S.Ct. 173, 176 (1980), and courts "apply[] a more flexible standard to evaluate their sufficiency tha[n] when reviewing a complaint submitted by counsel," Lerman v. Bd. of Elections in City of N.Y., 232 F.3d 135, 139-40 (2d Cir. 2000). However, "pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006) (internal citation and quotation marks omitted).

Plaintiff's Amended Complaint contains no additional allegations to those contained in his initial complaint, but rather simply recapitulates the allegation that Plaintiff was not released from prison until June 1, 2012, even though his term of incarceration ended on May 25, 2010. It has already been established that this allegation is insufficient to state a claim against Defendant. See Lozada II. Accordingly, Plaintiff's Amended Complaint fails to state a claim against Defendant, and is therefore dismissed.

When a motion to dismiss is granted, "[i]t is the usual practice . . . to allow leave to replead." Schindler v. French, 232 Fed. Appx. 17, 19 (2d Cir. 2007) (quoting Cortec

2

Indus., Inc. v. Sum Holding P.P., 949 F.2d 42, 48 (2d Cir. 1991)). However, the absence of new allegations in Lozada's Amended Complaint makes plain that another repleading would be an exercise in futility. Accordingly, leave to replead is denied, and the Amended Complaint is dismissed with prejudice. See Rivera v. Salomon Smith Barney, No. 01 Civ. 9282 (RWS), 2003 WL 222249, at *3 (S.D.N.Y. Jan. 30, 2003) (citing Mooney v. Vitolo, 435 F.2d 838, 839 (2d Cir. 1970)).

**Conclusion**

For the reasons set forth above, Defendant's motion to dismiss is granted with prejudice.

It is so ordered.

**New York, NY**
**November 20, 2012**

ROBERT W. SWEET
U.S.D.J.

3